LABORDE, PLAINTIFF AND APPELLEE, *v.* SOLÍS,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Survey.

No. 2302.—Decided July 22, 1921.

SURVEY — CONFUSION OF BOUNDARIES — POSSESSION — PLEADING — CAUSE OF AC
    TION.—In an action brought under section 286 of the Code of Civil Procedure
    a complaint which alleges not only a confusion of boundaries, but also that
    the defendants are in possession of a part of the plaintiff's property without any right thereto, states a cause of action.

ID.—ID.—ID.—ID.—INTEREST.—In a case in which a large property has been subdivided into many small parcels which have passed into the hands of different owners, it may be that a survey of more than one or all of such segregations is necessary for the location and identification of the shortage resulting from a survey of lands adjoining the original larger tract, and it would seem to be immaterial whether or not the property of the plaintiff adjoins each and all of the smaller parcels originally contained in the larger tract and now owned by the respective defendants. The question is one of interest, and the necessity of a survey of all the subdivisions in order to determine the area and true boundary of the larger tract, or of integral parts thereof adjoining the lands of the plaintiff, supplies whatever interest the statute may require in each of such segregations.

The facts are stated in the opinion.

*Mr. L. Percyó* for the appellee.

*Mr. F. González* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Félix Solís appeals from an order for the examination and survey of certain property belonging to him, entered in a proceeding instituted under the authority of section 286 of the Code of Civil Procedure, and insists that—

"1. The court erred in overruling the demurrer filed by defendant Félix Solís in this suit.

"2. The court erred in making its final order, but it does not appear from the record that the prior demand required by section 286 of the Code of Civil Procedure was made.

"3. The court erred in admitting in evidence deed No. 138 executed by Francisco Rivera Artigues in favor of Alejandro Laborde Quintero.

"4. The court erred in ordering a survey of the property of defendant Félix Solís because the evidence examined is not sufficient to support such an order."

The grounds of demurrer, as specified in the court below, were:

"That the petition in this case does not state facts sufficient for ordering a survey under section 286 of the Code of Civil Procedure.

"That there is misjoinder of parties defendant, inasmuch as persons are sued and properties are described which are not contiguous to that of the plaintiff.

"That the petition is ambiguous and uncertain, for it does not

point out clearly the property with which the boundaries are confused, and this would be necessary in order that a party might properly defend.''

The essential averment of the amended complaint, omitting descriptions of the thirteen properties enumerated therein as belonging to the different defendants, are as follows:

''Second: That the plaintiff is the owner of the following property:

''Rural property, high land, situated in the ward of Guayanés of the Municipality of Yabucoa, consisting approximately of sixty acres of land and bounded on the south by the sea-shore; on the north by María Limardo; on the east by Marcos Solís, and on the west by lands of Roberto de la Cruz, Succession of Pendás and Domingo Figueroa.''

''Third: That defendants, some by inheritance from their ancestor Marcos Solís and others by purchase from some of the heirs of the said ancestor, are the owners of several parcels of land in the ward of Guayanés, of the Municipality of Yabucoa, which they now possess, and making a total of two hundred and twenty-seven and ninety-six hundredths acres which are described as follows: * * *

''Fourth: That according to the knowledge and belief of the plaintiff, the boundaries of his property and those of that of the defendants are so confused.that the said defendants are using a part of the plaintiff's property without any title thereto and therefore to the prejudice of the plaintiff. And the plaintiff alleges that in order to define the said boundaries and claim whatever land the said defendants are illegally withholding it is necessary that an examination and survey be made of all of the properties now in the possession of the said defendants in the aforesaid ward of Guayanés.

''Fifth: That on February 17th, 1920, the said defendants were duly requested to allow an examination and survey by the plaintiff of all of the aforesaid properties in the said ward and that notwithstanding the time elapsed, they have neither authorized nor refused to consent to the said examination and survey of their aforesaid properties.''

The theory of the contention as to the alleged failure to state a cause of action is that a mere confusion of boundaries does not justify a resort to the procedure prescribed

by section 286 of the Code of Civil Procedure, and the cases
of *McCormick* v. *Molinari,* 16 P. R. R. 409, and *Blasini* v.
*Colón,* 24 P. R. R. 336, are cited in support of this proposi-
tion.  But the complaint herein alleges not only a confusion
of boundaries, but also that the defendants "are utilizing a
portion of plaintiff's property, without right thereto," and
further that in order "to assert a claim to (*reclamar*) what-
ever land may be unlawfully in the possession of the said
defendants an examination and survey of all the properties
now possessed by the said defendants, within the aforesaid
*barrio* of Guayanés, is necessary."  It follows that the cases
cited are not in point.

In support of the second ground of demurrer, section 104
of the Code of Civil Procedure is cited, but that section
refers to the joinder of several causes of action in one com-
plaint, and there is no suggestion that plaintiff herein has
attempted to state more than one cause of action.  Title IV,
sections 51–74, inclusive, of the Code of Civil Procedure is
devoted exclusively to the matter "of the parties to civil
actions," and section 63 provides that "any person may be
made a defendant who has or claims an interest in the con-
troversy adverse to the plaintiff or who is a necessary party
to a complete determination or settlement of the question
involved therein."  It may be, and no doubt often happens
in cases like the one now before us, where a large property
has been subdivided into many small parcels which have
passed into the hands of different owners, that a survey of
more than one or all of such segregations is necessary to
the location and identification of the shortage resulting from
a survey of lands adjoining such larger original tract.  If
this be true, as plaintiff herein alleges to be the fact, it would
seem to be immaterial whether or not the property of plain-
tiff adjoins each and every of the smaller parcels originally
contained in the larger tract and now owned by the respective
defendants.  The question is not one of contiguity, but of

interest and of reasonable necessity as a means to the discovery of evidence to be used in the contemplated suit. In the case at bar the existence of an interest in the larger tract out of which the various parcels now in possession of the several defendants were carved, is undisputed, and the necessity of a survey of all subdivisions in order to determine the area and true boundary of the larger tract, or of integral portions thereof adjoining the lands of plaintiff, supplies whatever interest the statute may require in each of such segregations.

Likewise, as to the third ground of demurrer, it should be borne in mind that this is not a suit for the recovery of land, but merely a preliminary investigation for the purpose of ascertaining facts to be used as evidence in the proposed action when instituted. In so far as the question here sought to be raised has not been disposed of already, it will suffice to add that, in the descriptions of four of the thirteen parcels alleged to belong to different defendants, Alejandro Laborde is referred to as an adjoining owner. Of the seven subdivisions owned by appellant, one is bounded on the west and another on the north by lands of Domingo Figueroa mentioned in the description of plaintiff's property as adjoining the same on the west. Another of these seven properties, which is also one of the four above mentioned, is described as bounded on the north by Alejandro Laborde. In the circumstances we can not say that the complaint, however defective it may be in other respects, is ambiguous and uncertain in the matter of indicating the points of contact or alleged overlapping as between the property of plaintiff and the different parcels in the possession of the respective defendants.

The writing complained of in the second assignment reads thus:

"Humacao, P. R., February 17, 1920.—Messrs. Félix Solís, Antonio Cruz, Estebanía Rosi, Marcelina Solís, Manuel García Vellón

and Valentina Gautier.—Wards of Guayanés and Candelero Abajo of Humacao and Yabucoa, P. R.

"Dear Sirs:—This is to inform you that I am the owner of a property adjacent to the one you have in the wards of Humacao and Yabucoa and also the lawful representative of the Succession of Pendás, who are also adjacent property owners.

"That after having made a survey of my property as well as of that of said succession we have found a great shortage in our lands, and inasmuch as orders have been given by you to your peons to destroy the fences at points where we think our properties are bounded by yours, we desire to make a survey of the property possessed by you in order to ascertain the exact amount of land in your possession which forms part of our property.

"We make this request under the provisions of section 286 of the Code of Civil Procedure, as we really believe that the missing portion of our properties is included in the divisory lines or demarcation that you ordered to be destroyed.—Respectfully, (Sd.) A. Laborde."

The argument as to the alleged insufficiency of this notice proceeds along the same lines as that in support of the third ground of demurrer to the complaint, and the document in question, like the complaint, leaves much to be desired; but we can not say that it is so vague and uncertain as to justify appellant in ignoring it altogether. If any of the details omitted apparently upon the assumption that they were within the knowledge of defendants were not so known to them, any further information desired in this regard no doubt would have been forthcoming on request. In any event, neither prejudice nor a disposition to accommodate plaintiff by permitting a survey of any of the lands in possession of appellant, whether adjoining those of plaintiff or otherwise, is shown.

In the brief we are told that the instrument referred to in the third assignment neither appears to have been recorded in the registry of property nor does it set forth the manner in which the vendor acquired the property therein transferred to plaintiff. The deed in question is not before us, and, at

the time of objecting to its admission as evidence, no mention was made of its failure to disclose the source of the vendor's title. The trial judge, in his ruling upon the objection as made, on admitting the document for what it was worth in its bearing upon the right of plaintiff to a survey, called attention to the fact that the proceeding then in progress was not a suit for the land, and the brief for appellant discloses no very cogent reason why an unrecorded deed should be rejected as evidence of such right in plaintiff.

As to the fourth assignment, it will suffice to say that although the proof, like both the complaint and the previous demand in writing, is not very satisfactory, yet no evidence was introduced by the defense, and if the trial judge believed the witnesses for plaintiff, as apparently he did, we can not say that the *prima facie* showing so made is insufficient to support the conclusion reached below.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.